```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

```
SANDRA L. ERICKSSON            :
                               :
     v.                        :   Civ. No. 3:00cv2221 (AHN)(HBF)
                               :
JO ANNE B. BARNHART,           :
COMMISSIONER OF THE SOCIAL     :
SECURITY ADMINISTRATION        :
```

**RULING ON MOTION FOR ATTORNEY'S FEES**

**I. Introduction**

Pending is plaintiff's Motion for Attorney's Fees and Costs **[Doc. #38]** and plaintiff's Second Motion for Attorney's Fees **[Doc. #40]**. Plaintiff, Sandra L. Erickson, as a prevailing party under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412(d)(1)(A), seeks payment of attorney fees for 112.90 hours. Plaintiff's counsel breaks down his yearly billable hours as follows: 3.80 hours in 2002; 36.30 hours in 2003; 33.2 hours in 2004; 24.4 hours in 2005; and 15.2 hours in 2006.[1] Due to a 34 percent rise in the cost of living since 1996, plaintiff's counsel seeks hourly fees in the amounts of: $134.62 for 2001; $136.13 for 2002 and 2003; $149.18 for 2004; and $152.30 for 2005 and 2006, for a total of $16,442.67.[2]

---

[1] The 15.2 hours for 2006 is the basis of plaintiff's second motion for attorney's fees.

[2] The court notes that the hourly fee requested is in excess of the $125 statutory maximum. 28 U.S.C. § 2412(d)(1)(A). The EAJA, however, allows courts to grant an award above the statutory maximum if justified by an increase in the cost of living. The Second Circuit has held that the statutory maximum is appropriately adjusted upward based on the Consumer Price

Defendant, the Commissioner of the Social Security Administration, has filed an opposition to plaintiff's petitions for attorney's fees.  **[Doc. #39].**  Defendant contends that plaintiff failed to apply for fees within thirty (30) days of the final judgment pursuant to 28 U.S.C. § 2412(d)(1)(B).  Therefore, defendant argues that this court lacks jurisdiction over the motions.  Alternatively, defendant argues that, even if plaintiff's petitions for attorney's fees are timely, the Commissioner's position was substantially justified, and plaintiff's petitions should be denied.

For the reasons that follow, the plaintiff's Motions for Attorney's Fees and Costs **[Docs. #38 and #40]** are **DENIED**, without prejudice, in accordance with this ruling.

## II.  Procedural History and Factual Background

As the issues presented by the petitions for attorney's fees are narrow, only a brief recitation of the facts is necessary.  On October 17, 1993, plaintiff filed for disability insurance benefits due to her diagnosis of Stage III, non-Hodgkins's Lymphoma.  In May 1994, plaintiff's application for disability insurance benefits was granted by the Commissioner, through an ALJ, who found that plaintiff was disabled beginning March 15,

---

Index.  Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992). As plaintiff's counsel's hourly rate is less than the $154.50 per hour rate reflected in the Consumer Price Index for all urban consumers, and the defendant has not objected to this hourly rate, the court will accept plaintiff's counsel's certification that the fees sought accurately reflect the increase in the cost of living.

2

1994.  (Tr. 68-74).  In January 1998, the agency reviewed plaintiff's medical records, and, after finding plaintiff's lymphoma to be in complete remission, notified plaintiff that her disability benefits would be terminated.  (Tr. 141-43). Plaintiff, acting *pro se*, requested reconsideration of the termination, claiming that she was still disabled because of "degenerative joint disease, back problems, and fevers".  (Tr. 144).  After an administrative proceeding conducted by a hearing officer, plaintiff's request for reconsideration was denied. (Tr. 166-77).

Plaintiff challenged the denial of reconsideration and received a hearing before an ALJ on October 28, 1998.  (Tr. 26-67).  The ALJ issued a decision terminating plaintiff's disability benefits on April 14, 1999, holding that her lymphoma had gone into remission and her allegation of disabling back pain lacked evidentiary support.  (Tr. 23).  Plaintiff requested an administrative review of the ALJ's decision.  (Tr. 10).  That request was denied by the Appeals Council, making the ALJ's decision the "final decision" of the Commissioner.  (Tr. 8-9).

On January 20, 2000, plaintiff, still proceeding *pro se*, filed a complaint seeking reversal of the denial of her social security disability benefits.  On January 4, 2002, the defendant moved for an order affirming the Commissioner's decision.  **[Doc. #13]**.  On November 6, 2002, Attorney Charles A. Piro was appointed as pro bono counsel for the plaintiff.  **[Doc. #26]**.

Plaintiff then filed a motion seeking review of the final decision issued by the Commissioner of Social Security, denying plaintiff's claims for disability benefits, pursuant to 42 U.S.C. § 405(g).  **[Doc. #28]**.  On April 17, 2003, the defendant renewed her motion seeking a judgment affirming the Commissioner's decision.  **[Doc. #33]**.  On August 27, 2003, the Court denied defendant's motion and granted, in part, plaintiff's motion to remand for rehearing.[3]  **[Doc. #36]**.  On September 17, 2003, the Recommended Ruling was affirmed.  In light of the Court's Recommended Ruling, final judgment was entered on November 10, 2003.  **[Doc. #37]**.

In the Recommended Ruling, the Court made several findings justifying remand.  The Court found that, although the ALJ did attempt to develop the record for the *pro se* plaintiff[4], the record was incomplete.  First, the plaintiff was unable to obtain the documents requested by the ALJ, "in part because she did not have access to treatment."  Recommended Ruling at p. 18.  Second,

---

[3]   Plaintiff's alternative argument for remand alleged that the ALJ failed to appoint and take testimony from a vocational expert.  The Court found that the ALJ did what was required under Social Security Ruling 96-8p, and held that there was no cause for remand on this issue.  Recommended Ruling at pp. 23-26.

[4]   Specifically, the court stated that the ALJ "repeatedly asked plaintiff whether additional documents existed to support her claims, and, if so, where he could find them."  Recommended Ruling at p. 17.

the Court found that the plaintiff did not understand the ALJ or the ALJ's requests and, in fact, noted plaintiff claimed, "[my] brain wasn't working properly."  Id.  As such, the Court held that plaintiff was "incapable of fully understanding and/or fulfilling her burden of 'providing medical evidence' to support her claim.  Id. at 19.  The Court noted that it was not until after the hearing, and after counsel was appointed, that plaintiff obtained the medical evidence which she claimed was necessary to support her disability claim.  Id.

Finding that the case should be remanded, the Court stated that:

> [u]nder sentence six of 42 U.S.C. § 405(g), a court may remand where 'new, material evidence is adduced that was for good cause not presented before the agency.'  Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993).  The 'new' requirement means the evidence cannot just be cumulative of evidence already in the record ....  'Material' in this context means that the evidence must be probative and relevant to the time period for which benefits were denied.

Id. at 19-20 (citations omitted).  The Court then held that the medical records attached to plaintiff's complaint were new, were material, and as these records were not in existence at the time of the hearing, that there was good cause for not presenting the records to the ALJ.  The Court granted a sentence six remand, pursuant to 42 U.S.C. § 405(g), so the ALJ could consider "all of the evidence now in existence relating to plaintiff's back condition for the relevant time period."  Id. at 23.

The Recommended Ruling was adopted by the Court on September 17, 2003.

On December 16, 2005 and January 25, 2006, respectively, plaintiff, a prevailing party, filed motions for attorneys fees and costs.[5] On January 6, 2006, the defendant filed an opposition to the petitions for fees. The defendant argues that this was a sentence four remand under 42 U.S.C. § 405(g), and, therefore, the plaintiff's petitions are untimely. Alternatively, the defendant argues that the government's position is substantially justified, the number of hours charged by plaintiff's counsel is excessive[6], and plaintiff is not

---

[5] The defendant concedes that the plaintiff was a prevailing party within the meaning of EAJA. Def's. Opp. to Motion for Attorney's Fees at p. 2.

[6] As plaintiff's motion is denied without prejudice, the Court will not decide the merits of defendant's argument regarding the number of hours billed by plaintiff's counsel. However, should the defendant raise these objections to any future motion for attorney's fees, the Court finds it appropriate to note that some of these objections appear to be misguided. For example, it seems surprising for the defendant to claim that 2 hours and 36 minutes of telephone conferences between plaintiff and her counsel over a four year period is unreasonable. Additionally, the defendant questions whether plaintiff's counsel expended 48 minutes on December 6, 2002 preparing a motion for extension of time. Defendant's allegation is incomplete and misleading. Plaintiff's affidavit evidences that the 48 minutes claimed included not only a motion for extension of time but also a telephone conference with the court and a letter to the AUSA and his client. The Commissioner also states that, as her brief was not filed until April 7, 2003, plaintiff's counsel's claim that he reviewed the defendant's brief on December 18, 2002 is completely without merit. A careful review of the docket, however, indicates that the defendant's first dispositive motion in this case, a motion for judgment affirming the decision of the commissioner, was filed on January 3, 2002, almost a whole year before defendant's counsel claimed he reviewed the motion.

entitled to attorney's fees or costs.

### III. Discussion

    A.  Standard for Costs and Fees under 28 U.S.C § 2412

The EAJA was enacted in order to remedy the unfortunate economic reality that many individuals lack the financial resources to defend themselves against government action.  EAJA addresses the concern "that persons may be deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in securing the vindication of their rights."  Sullivan v. Hudson, 490 U.S. 877, 883 (1989).  By allowing individuals to recover attorney fees, "Congress sought to ensure that individuals would not be forced to sit idly when confronted with unreasonable government conduct."  Myers v. Sullivan, 916 F.3d 659, 665 (11th Cir. 1990).

    Before awarding attorney fees under the EAJA, a court must find that the plaintiff is a prevailing party, that the position of the Commissioner lacks substantial justification, that special circumstances making an award unjust do not exist, and that the fee petition was filed within thirty (30) days of final judgment.  28 U.S.C. §§ 2412, 2412(d)(1)(B).

    The thirty (30) day filing requirement under the EAJA is jurisdictional in nature and cannot be waived.  Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir. 1991); Melkonyan v. Heckler, 895 F.2d 556, 557 (9th Cir. 1990).  Rather, this temporal requirement is to be rigorously construed and strictly

7

enforced. Carter v. Bowen, 733 F. Supp. 1084, 1085 (S.D. Miss. 1999). A prevailing party's failure to file a timely application precludes a district court from considering the merits of the application. Myers, 916 F.2d at 666.

Defendant argues that the plaintiff's Petitions for Attorney's Fees under EAJA should be denied as untimely under 28 U.S.C. § 2412(d)(1)(B). Defendant contends that plaintiff failed to apply for fees within thirty (30) days of the "final judgment."

    B.   Final Judgment: Sentence Four and Sentence Six Remands

The question of whether the plaintiff is entitled to attorney fees can only be decided after resolving the issue of whether this court's remand was a "final judgment" under the EAJA.

The EAJA defines "final judgment" as a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The Supreme Court ruled that "a 'final judgment' for the purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by the court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). "Final judgment" in a social security case is "final" only if the judgment completely determines a plaintiff's entitlement to benefits. Altieri v. Sullivan, 754 F. Supp. 34, 37 (S.D.N.Y. 1991). Additionally, a "final judgment" can only be entered by a court of law, and, more specifically, the court before which the civil action is pending. Melkonyan, 501 U.S. at 94; Ground v.

Sullivan, 785 F. Supp. 1407, 1410 (S.D. Cal. 1992).

Resolving the question of finality often hinges on a court's characterization of the nature of its remand. Longey v. Sullivan, 812 F. Supp. 453, 455 (D. Vt. 1993). The Melkonyan Court discussed "final judgment" and the interplay between 28 U.S.C. § 2412(d)(1)(B) of the EAJA and 42 U.S.C. § 405(g) of the Social Security Act. Melkonyan, 501 U.S. at 89. In Melkonyan, the Court held that § 405(g) only provides for two types of remands, a sentence four remand and a sentence six remand. Id. at 98; see also Shalala v. Schaefer, 509 U.S. 292, 296 (1993). Both types of remands play determinant roles on whether a court of law has entered a "final judgment." Melkonyan, 501 U.S. at 89. In a sentence four remand, the district court enters final judgment affirming, modifying, or reversing the administrative decision, and the court loses jurisdiction over the case. Id. at 102-03; see also, Edwards v. Barnhart, 238 F. Supp.2d 645, 649 (S.D.N.Y. 2003). In a sentence six remand, the district court retains jurisdiction and enters final judgment after the remand proceedings are completed. Melkonyan, 501 U.S. at 102-03; Edwards v. Barnhart, 238 F. Supp.2d 645, 649 (S.D.N.Y. 2003).

1. Sentence Four Remand

In a sentence four remand under § 405(g), district courts are authorized "to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.

9

§ 405(g). To remand under sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the relevant law to the disability claim. Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). Sentence four remands make a decision on the merits of the case and often vacate a Commissioner's order. Longey, 812 F. Supp. at 456. A court divests itself of jurisdiction following a sentence four remand. Jackson, 99 F.3d at 1089. Thus, in a social security case, a sentence four remand is treated as a final judgment for purposes of filing attorney fee applications under EAJA. See Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). By obtaining a sentence four remand, a claimant becomes a "prevailing party" for EAJA fee purposes whether or not benefits are ultimately received. Schaefer, 509 U.S. at 299-302.[7]

If the Court had remanded this case pursuant to sentence four of § 405(g), this application for EAJA fees would be untimely as it was filed more than thirty days after the entry of judgment. 28 U.S.C. § 2412(d)(1)(B). However, this case does

---

[7] Prior to the Supreme Court's ruling in Schaefer, a majority of the appellate courts held that a claimant did not "prevail" until the Social Security Administration determined that he/she was entitled to benefits. See McGill v. Sec'y of Health & Human Servs., 712 F.2d 28, 31-32 (2d Cir. 1983); Gray v. Sec'y of Health & Human Servs., 983 F.2d 954 (9th Cir. 1993); Perischetti v. Sec'y of Health and Human Servs., 990 F.2d 80 (3d Cir. 1993); Bertrand v. Sullivan, 976 F.2d 977 (5th Cir. 1992); Labrie v. Sec'y of Health and Human Servs., 976 F.2d 779 (1st Cir. 1992).

not present a sentence four remand.

2. <u>Sentence Six Remand</u>

A second reason for remanding a case under 42 U.S.C. § 405(g) can be found in sentence six. Sentence six of § 405(g) provides, in part:

> The court may ... remand the case to the Commissioner of Social Security for further action by the Commissioner, and may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record* in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence, if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision ...

42 U.S.C. § 405(g) (emphasis added).

Generally, a sentence six remand contemplates new administrative proceedings and the receipt of new evidence by an ALJ at a hearing. Therefore, a sentence six remand is not a final judgment and is not a substantive ruling. <u>Melkonyan</u>, 501 U.S. at 98. Instead, a sentence six remand simply returns the case to an agency without affirming, modifying, or reversing administrative decisions. <u>Longey</u>, 812 F. Supp. at 452. As stated by the <u>Melkonyan</u> Court, in a sentence six remand:

> [t]he district court does not affirm, modify, or reverse the Secretary's decision, it does not rule in any way as to the correctness of the administrative determination. Rather,

11

> the court remands because new evidence has
> come to light that was not available to the
> claimant at the time of the administrative
> proceeding and that evidence might have
> changed the outcome of the prior proceeding.

Id. at 98.

Under a sentence six remand, the district court does not issue a final judgment. Instead the remand is considered interlocutory, allowing the district court to retain jurisdiction over the case. Longey 812 F. Supp. at 456. Following a sentence six remand, the Commissioner must file additional findings with the court before the court can enter a final judgment. Peterson v. Shalala, 818 F. Supp. 241, 243 (S.D. Ill. 1993).

In order for a remand to be issued pursuant to sentence six, there must a showing of: 1) new evidence; 2) which is material; and 3) that good cause exists for failure to incorporate the evidence during the prior proceeding. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988). In order for evidence to qualify as "new", the evidence cannot "merely [be] cumulative of what is already in the record." Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Additionally, the evidence must be material, which requires that there is a reasonable possibility that the new evidence would have influenced the Secretary to decide differently. Tirado, 842 F.2d at 597. Finally, good cause must exist for failure to incorporate and present the new evidence at an earlier stage in the administrative proceedings. Szubak, 745 F.2d at 832.

In the Recommended Ruling on Pending Motions, this court set

12

forth the necessary elements for a sentence six remand, and then proceeded to review the facts of this case under those elements.[8] In doing do, the Court reviewed the medical records and documents attached to the complaint and made a specific finding that "these documents [were] new and not cumulative". Recommending Ruling at p. 20. The Court also found that the documents were material and probative of plaintiff's claim as, "they were related to plaintiff's back impairment." Id. Finally, the Court found several grounds, when taken in conjunction with each other, which evidenced that good cause existed excusing plaintiff's obligation to produce the documents prior to the decision of the Commissioner. These reasons included: 1) that at the administrative stage, plaintiff was acting *pro se*; 2) that most of the medical records came into existence after the final decision of the Commissioner; and 3) that the disability hearing officer was in possession of documents which were not made available to the ALJ.[9] Id. at 21.

Additionally, in the "Conclusion" section of the Recommended Ruling, the Court did not affirm, modify, or reverse the decision

---

[8] The defendant claims that the Recommended Ruling made a "brief reference to sentence six of 42 U.S.C. § 405(g)". Def's. Oppos. to Motion for Attorney's Fees at p. 4, n.2. This contention is quite baffling as the Court, in its Recommended Ruling, explicitly discussed sentence six remand elements. The Court then applied these elements to the facts of this case. Recommended Ruling at pp. 19-23. This does not constitute a "brief" reference.

[9] Nearly 100 to 200 pages of medical records were in existence but were not made available to, or considered by, the ALJ. Plf's. Reply to Oppos. to Motion for Attorney's Fees at p. 6.

of the Commissioner. Id. at 27. Instead, the Court, without making any substantive findings, simply remanded the matter to the agency for reconsideration of new evidence. Id. As the district court did not affirm, modify, or reverse the Secretary's decision, it is clear that this ruling constituted a sentence six remand.[10] See Melkonyan, 501 U.S. at 98 (in a sentence six remand, the district court "does not rule in any way as to the correctness of the administrative determination.").

Based on the findings detailed above, it is clear that this Court entered a sentence six remand under 42 U.S.C. § 405(g). As such, the Court retains jurisdiction until the necessary documents, described under § 405(g), are filed with the Court. The final judgment entered on November 10, 2003, by the clerk of the court, was entered in error. This court will retain jurisdiction until subsequent actions by the Commissioner are reviewed and a final judgment is entered.

C.   The November 10, 2003 Final Judgment Entry

Despite the clerk's entry of judgment on November 10, 2003, the plaintiff's right to seek fees pursuant to the EAJA has not

---

[10] The defendant argues that the November 10, 2003 judgment, which states that, "the decision of the Commissioner is reversed and the case is remanded", clearly indicates that plaintiff's case was remanded under sentence four of 42 U.S.C. § 405(g). The defendant, however, completely disregards the language and analysis used by the Court in its Recommended Ruling, and ignores the fact that the Ruling remands the case and does not reverse the decision of the Commissioner. As the November 10, 2003 judgment was entered by the clerk of court in error, the inappropriate language utilized by the clerk in the judgment is irrelevant.

14

been cut off.  Pursuant to Rule 60(a):

> Clerical mistakes in judgments, orders or other parts of the record and error therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a).  A party may be relieved from a final judgment order for "(1) mistake, inadvertence, surprise ...." Fed. R. Civ. P. 60(b)(1).  Courts have rarely treated the absence, or presence, of a final judgment as dispositive.  Casey v. Long Island Railroad Co., 406 F.3d 142, 147-48 (2d Cir. 2005). In fact, in Wilsey v. Secretary of Health and Human Services, No. 93-CV-1418, 1995 WL 274499, at *4 (N.D.N.Y. May 2, 1995), the court held that a sentence six remand is still a sentence six remand even if the Clerk enters a final judgment in error.

Pursuant to Fed. R. Civ. P. 60(a) and (b), as judgment has been entered in error, the clerk's November 10, 2003 entry of judgment, **[Doc. #37]**, is hereby vacated.

### D.  The EAJA Petitions are Premature

A request for attorney fees and costs under EAJA must be made upon entry of a final judgment.  Having clarified that this case is a sentence six remand, final judgment has not yet been entered.  Therefore, the plaintiff's petitions for attorney fees **[Docs. #38 and #40]** are premature.  Longey, 812 F. Supp. at 457; Misciagno v. Sec'y of Dept. of Health and Human Servs., 786 F. Supp. 1120, 1124 (E.D.N.Y. 1992) (EAJA petition filed before

15

final judgment is entered is premature); Lineberry v. Sullivan, 778 F. Supp. 1087 (M.D.Mo. 1991) (EAJA petition is premature if filed before final judgment is entered by the remanding court at end of the administrative procedures); Wilsey, 1995 WL 274499, at *2 (this case presented a sentence 6 remand, and therefore, the final judgment was entered in error and the motion for attorney's fees was premature); Woods v. Dept. of Health and Human Servs., 778 F. Supp. 976, 981 (N.D. Ill. 1991) (as the secretary has not returned to the court as required under § 405(g), the fee petition was premature).

In a sentence six remand, where the award of benefits on remand is not based solely upon sentence four reasons, the claimant may file an EAJA application after judgment is entered following the remand proceeding. Jackson, 99 F.3d at 1097. Thus, the claimant may file an EAJA attorney fee application within thirty (30) days after the judgment on remand becomes final and no longer appealable.

In accordance with sentence six remands, 42 U.S.C. § 405(g) specifically requires the Commissioner to return to the district court to file additional and modified findings of fact and decision, and a transcript of the additional record so that final judgment may be entered and the plaintiff's application for EAJA may be appropriately considered. For the court to have jurisdiction under the EAJA, the plaintiff must file his application for attorney fees within thirty days of the entry of this final judgment. Longey, 812 F. Supp. 457-58.

As the plaintiff's petitions for attorney fees were filed before a final judgment has been properly entered, plaintiff's petitions are premature and must be denied without prejudice.

**IV. Conclusion**

Accordingly, for the reasons stated above, this court **DENIES** plaintiff's motions for attorney fees and costs, without prejudice.  The Commissioner shall file her additional and/or modified findings of fact and decision, and a transcript of the additional record upon which her subsequent decision is based so that this court may enter final judgment and entertain, if filed, plaintiff's petitions for attorney fees.

ENTERED at Bridgeport this 23rd day of March 2006.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

17