```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

```
SANDRA L. ERICKSSON          :
                             :
          v.                 :   Civ. No. 3:00cv2221 (AHN)(HBF)
                             :
JO ANNE B. BARNHART,         :
COMMISSIONER OF THE SOCIAL   :
SECURITY ADMINISTRATION      :
```

## RULING ON MOTION FOR ATTORNEY'S FEES

### I. Introduction

Pending is plaintiff's Third Motion for Attorney's Fees and Costs [Doc. #53].[1] Plaintiff, Sandra L. Erickson, as a prevailing party under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412(d)(1)(A), seeks payment of attorney fees for 118.30 hours. Plaintiff's counsel breaks down his yearly billable hours as follows: 3.80 hours in 2002; 36.30 hours in 2003; 33.2 hours in 2004; 24.4 hours in 2005; and 20.60 hours in 2006. Due to a 36 percent rise in the cost of living since 1996, plaintiff's counsel seeks hourly fees in the amounts of: $136.13 for 2002 and 2003; $149.18 for 2004; and $152.30 for 2005; and $154.50 for 2006, for a total of $17,310.41.[2]

---

[1] Plaintiff's Motion for Attorney's Fees and Costs was filed on December 15, 2005 and supplemented on January 30, 2006. [Doc. ## 38 and 40]. This Motion was denied without prejudice on March 24, 2006. [Doc. #45].

[2] The court notes that the hourly fee requested is in excess of the $125 statutory maximum. 28 U.S.C. § 2412(d)(1)(A). The EAJA, however, allows courts to grant an award above the statutory maximum if justified by an increase in the cost of living. The Second Circuit has held that the statutory maximum is appropriately adjusted upward based on the Consumer Price Index. Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992).

Defendant, the Commissioner of the Social Security Administration, has filed an opposition to plaintiff's petition for attorney's fees. [Doc. #54]. Defendant contends that the Commissioner's position was substantially justified, and plaintiff's petition should be denied. Alternatively, defendant argues that the number of hours charged by plaintiff's counsel is excessive and warrants a substantial reduction.

For the reasons that follow, the plaintiff's Motion for Attorney's Fees and Costs **[Doc. #53]** is **DENIED**.

II. <u>**Procedural History and Factual Background**</u>

As the issues presented by the petition for attorney's fees are narrow, only a brief recitation of the facts is necessary. On October 17, 1993, plaintiff filed for disability insurance benefits due to her diagnosis of Stage III, non-Hodgkins's Lymphoma. In May 1994, plaintiff's application for disability insurance benefits was granted by the Commissioner, through an ALJ, who found that plaintiff was disabled beginning March 15, 1994. (Tr. 68-74). In January 1998, the agency reviewed plaintiff's medical records, and, after finding plaintiff's lymphoma to be in complete remission, notified plaintiff that her disability benefits would be terminated. (Tr. 141-43).

---

As plaintiff's counsel's hourly rate does not exceed the $154.50 per hour rate reflected in the Consumer Price Index for all urban consumers, and the defendant has not objected to the hourly rates listed by plaintiff, the court will accept plaintiff's counsel's certification that the fees sought accurately reflect the increase in the cost of living.

2

Plaintiff, acting *pro se*, requested reconsideration of the termination, claiming that she was still disabled because of "degenerative joint disease, back problems, and fevers." (Tr. 144). After an administrative proceeding conducted by a hearing officer, plaintiff's request for reconsideration was denied. (Tr. 166-77).

Plaintiff challenged the denial of reconsideration and received a hearing before an ALJ on October 28, 1998. (Tr. 26-67). The ALJ issued a decision terminating plaintiff's disability benefits on April 14, 1999, holding that her lymphoma had gone into remission and her allegation of disabling back pain lacked evidentiary support. (Tr. 23). Plaintiff requested an administrative review of the ALJ's decision. (Tr. 10). That request was denied by the Appeals Council, making the ALJ's decision the "final decision" of the Commissioner. (Tr. 8-9).

On January 20, 2000, plaintiff, still proceeding *pro se*, filed a complaint seeking reversal of the denial of her social security disability benefits. On January 4, 2002, the defendant moved for an order affirming the Commissioner's decision. [Doc. #13]. On November 6, 2002, Attorney Charles A. Piro was appointed as pro bono counsel for the plaintiff. [Doc. #26]. Plaintiff then filed a motion seeking review of the final decision issued by the Commissioner of Social Security, denying plaintiff's claims for disability benefits, pursuant to 42 U.S.C. § 405(g). [Doc. #28]. On April 17, 2003, the Commissioner

3

renewed her motion seeking a judgment affirming the Commissioner's decision.  [Doc. #33].  On August 27, 2003, the Court denied defendant's motion and granted, in part, plaintiff's motion to remand for rehearing.[3]  [Doc. #36].

In the Recommended Ruling, the Court made several findings justifying remand.  The Court found that, although the ALJ did attempt to develop the record for the *pro se* plaintiff,[4] the record was incomplete.  First, the plaintiff was unable to obtain the documents requested by the ALJ, "in part because she did not have access to treatment." Recommended Ruling at p. 18.  Second, the Court found that the plaintiff did not understand the ALJ or the ALJ's requests and, in fact, noted that plaintiff claimed, "[my] brain wasn't working properly."  Id.  As such, the Court held that plaintiff was "incapable of fully understanding and/or fulfilling her burden of 'providing medical evidence' to support her claim." Id. at 19.  The Court noted that it was not until after the hearing, and after counsel was appointed, that plaintiff obtained the medical evidence which she claimed was necessary to support her disability claim.  Id.

---

[3]  Plaintiff's alternative argument for remand alleged that the ALJ failed to appoint and take testimony from a vocational expert.  The Court found that the ALJ did what was required under Social Security Ruling 96-8p, and held that there was no cause for remand on this issue. Recommended Ruling at pp. 23-26.

[4]  Specifically, the court stated that the ALJ "repeatedly asked plaintiff whether additional documents existed to support her claims, and, if so, where he could find them." Recommended Ruling at p. 17.

4

Finding that the case should be remanded, the Court stated that:

> [u]nder sentence six of 42 U.S.C. § 405(g), a court may remand where 'new, material evidence is adduced that was for good cause not presented before the agency.' Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993). The 'new' requirement means the evidence cannot just be cumulative of evidence already in the record .... 'Material' in this context means that the evidence must be probative and relevant to the time period for which benefits were denied.

Id. at 19-20 (citations omitted). The Court then held that the medical records attached to plaintiff's complaint were new, were material, and as these records were not in existence at the time of the hearing, that there was good cause for not presenting the records to the ALJ. The Court granted a sentence six remand, pursuant to 42 U.S.C. § 405(g), so the ALJ could consider "all of the evidence now in existence relating to plaintiff's back condition for the relevant time period." Id. at 23.

The Recommended Ruling was adopted by the Court on September 17, 2003. Final judgment was originally entered on November 10, 2003. [Doc. #37]. In light of the fact that this was a sentence six remand, the November 2003 judgment was vacated on March 27, 2006. The defendant was ordered to file the second ALJ decision as required pursuant to 42 U.S.C. § 405(g). Once the ALJ decision was filed, judgment entered for the plaintiff. [Doc. ##50 and 52].

**III. Discussion**

    **A.   Standard for Costs and Fees under 28 U.S.C § 2412**

The EAJA was enacted in order to remedy the unfortunate economic reality that many individuals lack the financial resources to defend themselves against government action. EAJA addresses the concern "that persons may be deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in securing the vindication of their rights." Sullivan v. Hudson, 490 U.S. 877, 883 (1989). By allowing individuals to recover attorney fees, "Congress sought to ensure that individuals would not be forced to sit idly when confronted with unreasonable government conduct." Myers v. Sullivan, 916 F.3d 659, 665 (11th Cir. 1990).

Before awarding attorney fees under the EAJA, a court must find that the plaintiff is a prevailing party, that the position of the Commissioner lacks substantial justification, that special circumstances making an award unjust do not exist, and that the fee petition was filed within thirty (30) days of final judgment.[5] 28 U.S.C. §§ 2412, 2412(d)(1)(B).

    **B.   The Commissioner's Position was Substantially Justified**

As stated above, plaintiff cannot recover attorney's fees if the Commissioner's position was substantially justified or if

---

[5] Defendant concedes that plaintiff is a prevailing party under the statute and that the fee petition was timely filed. Def's. Opposition.

6

special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). As stated in the legislative history of EAJA:

> The test of whether or not a government action is substantially justified is essentially one of reasonableness. Where the government can show that its case had a reasonable basis both in law and fact, no award shall be made ... the standard, however, should not be read to raise a presumption that the government's position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the government to establish that its decision to litigate was based on a substantial probability of prevailing.

H.R. Rep. No. 96-1418, 96th Cong. 1st Sess. 10-11 (1979), reprinted in U.S. Code Cong. and Adm. News 4953, 4989-90; United States v. $19,047.00 in United States Currency, 95 F.3d 248 (2d Cir. 1996) ("the substantially justified standard of EAJA is a reasonableness test").[6] The burden is on the government to prove its position was substantially justified. Envtl. Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir. 1983).

Defendant contends that plaintiff's motion for attorney's fees must be denied because the Commissioner's original position was substantially justified. Specifically, defendant alleges that the ALJ's second decision granting plaintiff's disability claim was made after new medical evidence was obtained and presented by plaintiff's counsel. Thus, because this medical

---

[6] Because of language accompanying the 1985 reenactment to EAJA, some court have held that substantially justified means more than mere reasonableness. See Riddle v. Secretary, 817 F.2d 1238, 1244 (6th Cir. 1987); Haitian Refugee Center v. Meese, 791 F.2d 1489, 1497 (11th Cir.), vacated in part on other grounds, 804 F.2d 1573 (11th Cir. 1986. The Second Circuit has not adopted this standard.

7

evidence was not presented, or did not exist, at the time of the first hearing, the denial of plaintiff's disability benefits was substantially justified.

In Rosado v. Bowen, 823 F.2d 40 (2d Cir. 1987), the Court of Appeals for the Second Circuit analyzed facts similar to the ones presented here. Rosado had applied for disability benefits and social security supplemental income. Id. at 41. The original ALJ denied her claim. Id. After new medical evidence was presented to a second ALJ, Rosado was deemed disabled and entitled to benefits. Id. As the medical evidence at the first hearing was inadequate, the Court found that the Commissioner's position was substantially justified and, therefore, EAJA fees were inappropriate. Id. at 42-43.

However, the introduction of new evidence does not end the inquiry into whether the Commissioner's position was substantially justified. The court must "consider whether the government's actions during the first proceedings were substantially justified, even in the absence of new evidence." Crudele v. Chater, No. 92 Civ. 7912, 1997 WL 198076, at *2 (S.D.N.Y. Apr. 23, 1997).

Here, plaintiff was originally awarded disability benefits based on her diagnosis of Stage III, non-Hodgkin's lymphoma in March of 1994. In January of 1998, plaintiff's benefits were terminated because her lymphoma was in complete remission. Plaintiff challenged the termination, arguing that her degenerative back problems were also a basis for her disability.

8

The ALJ issued a decision terminating plaintiff's disability benefits on April 14, 1999, finding that her allegation of disabling back pain lacked evidentiary support. (Tr. 23). Specifically, the ALJ noted that plaintiff had no medical treatment for her back pain. (Tr. 20).

Plaintiff then filed this lawsuit. In her motion to remand, plaintiff, who was acting *pro se*, presented two arguments. First, plaintiff argued that the ALJ failed to develop the medical record. In ruling on plaintiff's motion to remand, the Court agreed that, when a claimant is not represented by counsel, an ALJ has a "heightened obligation" to assist in the development of the record. Recommended Ruling at pp. 16-17. However, the Court found that the ALJ did not fail to fulfill this obligation. "The ALJ repeatedly asked plaintiff whether additional documents existed to support her claims, and, if so, where [the ALJ] could find them." Id. at 17. The ALJ also encouraged plaintiff to obtain counsel. The fact that plaintiff did not have access to treatment, was unable to understand the import of the ALJ's statements, and did not receive new medical treatment until after the hearing does not mean that the ALJ failed to develop plaintiff's medical history with respect to her alleged disabling back injury. After failing to obtain medical documents supporting plaintiff's allegations of a back injury, the ALJ found that the record was inadequate to support a claim of disability. This position was substantially justified.

9

Second, plaintiff argued that the ALJ erred by failing to obtain testimony from a vocational expert. The Court rejected this argument, finding that the ALJ correctly determined plaintiff's functional capacity and exertional limits under SSR 96-8p, and held that there was no cause for remand on this issue. Id. at pp. 23-26. The decision to deny benefits without obtaining testimony from a vocational expert was substantially justified.

**IV. Conclusion**

Based on these facts, the Court finds that the Commissioner's original position denying plaintiff's disability benefits was substantially justified.[7] Thus, an award of EAJA fees would be inappropriate. Plaintiff's Third Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. #53] is **denied.**

SO ORDERED at Bridgeport this 19th day of July, 2007.

___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court recognizes that plaintiff's counsel appeared in this case *pro bono*. This ruling is not intended to suggest that the services of counsel were not critical to plaintiff's success on remand. His efforts were, in fact, greatly appreciated by the Court.